1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| DANIELLE DEMISON and TERI SPANO, on behalf of themselves, all others similarly situated, and the general public,<br><br>             Plaintiffs,<br><br>     vs.<br><br>WALGREEN CO. INC., an Illinois corporation; DOES 1-20,  inclusive,<br><br>             Defendants. | Case No.: 14-CV-0306-BTM-JLB<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEVER PLAINTIFF'S CLAIMS** |

18

19   Defendant Walgreen Co., Inc. ("Defendant") has filed a Motion to Sever

20   pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure.  For the

21   reasons set forth herein, the Court DENIES the motion.

22                              **I.  BACKGROUND**

23   Defendant is a Delaware corporation that conducts a substantial amount of

24   business in the State of California.  ¶6.[1]  Plaintiffs Danielle Demison ("Demison")

25   and Teri Spano ("Spano") allege that Defendants manufacture, label, advertise,

26   _____

27   [1] Unless otherwise noted, all facts herein are taken from the Complaint (Doc. 1-2),
all "¶" citations are references to paragraphs of the Complaint, and all references to

28   a "Rule" refer to the Federal Rules of Civil Procedure.

1    distribute, and sell products labeled "Ear Pain Relief" and "Ear Ache Drops"

2    throughout California and nationwide through retail stores and online.  ¶¶32, 33.

3          In 2013, Demison purchased Defendant's Ear Pain Relief product.  ¶36.

4    Beginning in September 2008 and continuing through December 2013, Spano also

5    purchased Defendant's Ear Pain Relief product.  ¶40.  Plaintiffs relied upon the

6    product name, "Ear Pain Relief," and label representations claiming the product

7    was "homeopathic", "relieves pain," "quickly stimulates the body's natural ability

8    to relieve earache pain," and statements that the product contained "Chamomilla

9    10X . . . calmative, pain reliever," "Mercurius solubilis 15 x . . . anti-

10   inflammatory" and "Sulphur 12x . . . pain reliever, anti-itch."  ¶¶37, 41.

11         Additionally, Demison purchased Defendant's Ear Ache Drop product in

12   2013.  ¶38.  Beginning in September 2008 and continuing through December 2013,

13   Spano also purchased Defendant's Ear Ache Drop product.  ¶44.  Plaintiffs relied

14   upon the product name, "Ear Ache Drops," and label representations claiming the

15   product was "homeopathic," "relieves pain, calms irritability & soothes itching due

16   to cold & flu, swimmer's ear & allergy," and statements that the product contained

17   "Belladonna – 30C, Calcarea – 30C, Chamomilla – 30C, Lycopodium – 30C,

18   Pulsatilla – 30C, Sulphur – 30C" as active ingredients.  ¶¶39, 45.

19         Plaintiffs allege that Defendant's primarily advertise and promote the

20   products through the labeling claims and images on the front of the products'

21   packaging, and that Plaintiffs and the purported class relied on such packaging

22   claims in purchasing the products.  ¶50.  Plaintiffs claim that the purportedly active

23   ingredients of the products are so greatly diluted as to be effectively non-existent,

24   such that the products are ineffective for their intended uses.  ¶52.  Thus, Plaintiffs

25   allege that Defendants' assertions as to the products' ability to relieve symptoms of

26   ear pain are false, deceptive, and misleading.  ¶¶53, 54.

27

28

On December 31, 2013, Plaintiffs commenced this putative class action on behalf of themselves, all others similarly situated, and the general public, asserting the following claims: (1) violation of California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (2) violation of California Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*); (3) violation of California Business and Professions Code §17500, *et seq.*; (4) breach of express warranty; and (5) breach of the implied warranty of merchantability.  Defendant has moved to sever Plaintiff's claims against its Ear Pain Relief and Ear Ache Drops products pursuant to Fed. R. Civ. P. 20 and 21.  Defendants argue that severance is proper because Plaintiffs' claims are based on different transactions involving different products, and raise different questions of law and fact.

## II.  LEGAL STANDARD

Fed. R. Civ. P. 18(a) permits "[a] party asserting a claim . . . [to] join, as independent or alternative claims, as many claims as it has against an opposing party."  However, Fed. R. Civ. P. 21 permits a court, on just terms, to sever claims against any party.  "The application of Rule 21 involves considerations of convenience and fairness."  SEC v. Leslie, No. C 07-3444, 2010 U.S. Dist. LEXIS 76826, *10 (N.D. Cal. Jul. 29, 2010).  The determination of whether to sever a claim under Rule 21 is within the discretion of the trial court "as long as there is a discrete and separate claim," but "an attempt to separate an essentially unitary problem is an abuse of discretion."  Id. at *10 (internal quotation marks and citations omitted).  "In determining a Rule 21 motion, the court will consider: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."  Trazo v. Nestle USA,

1   Inc., 2013 U.S. Dist. LEXIS 171211, *5 (N.D. Cal. Dec. 4, 2013) (quoting Leslie,

2   2010 U.S. Dist. LEXIS 76826, *10).

### III.  DISCUSSION

4        Defendant argues that severance is proper under Rule 21 because Plaintiffs'

5   claims are based on different transactions, different products, and raise different

6   questions of law and fact.  Defendant further argues that severance will prevent

7   jury confusion and prejudice.

### A. The Claims Arise From the Same Series of Transactions or
### Occurrences.

10       "[T]he 'same transaction' requirement . . . refers to similarity in the factual

11  background of a claim."  Coughlin, 130 F.3d at 1350; Bautista v. Los Angeles

12  County, 216 F.3d 837, 842-43 (9th Cir. 2000) (interpreting "transaction or

13  occurrence" to require "similarity in the factual background of a claim").  "There is

14  no bright-line definition of 'transaction,' 'occurrence,' or 'series.' Instead, courts

15  assess the facts of each case individually to determine whether joinder is sensible

16  in light of the underlying policies of permissive party joinder."  Walker v. Bryson,

17  1:11-CV-01195-AWI-SKO, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012).

18       Bearing in mind the Rules' "impulse . . . toward entertaining the broadest

19  possible scope of action consistent with fairness to the parties," and encouragement

20  of "joinder of claims, parties and remedies," United Mine Workers of Am. v.

21  Gibbs, 383 U.S. 715, 724 (1966), the Court turns to the factual background of the

22  Complaint.  Both Plaintiffs purchased Ear Pain Relief and Ear Ache Drops

23  products labeled with Defendant's logo at Defendant's retail stores.  While Spano

24  purchased the products as early as 2008, both Plaintiffs purchased the products in

25  2013.  After utilizing both products in their individual capacities, Plaintiffs

26  concluded that the products were ineffective for their intended uses.  While the

27  specific details of the individual purchases of the products are unique to each

28

1    transaction, the alleged facts follow the same pattern: the consumers read the labels

2    and claims on the products' packages, and relied upon the claims to remedy ear

3    pain.  The Court finds a high degree of similarity in the factual background of

4    these claims and concludes that each claim arises from the same series of

5    transactions or occurrences.

6              **B. The Claims Involve Common Questions of Law or Fact**

7              A claim involving common questions of law or fact will satisfy the second

8    prong of Rule 20.  See Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371,

9    1375 (9th Cir. 1980); Coughlin, 130 F.3d at 1351 (finding no "common question of

10   law or fact" when "each Plaintiff's claim is discrete, and involves different legal

11   issues, standards, and procedures.").

12             Plaintiffs allege that Defendant's ear relief products were both advertised

13   under Defendant's brand, sold in Defendant's stores, and contained active

14   ingredients which were so diluted as to render them ineffective.  Plaintiffs allege

15   that the "pain relief" claims on the both products' labels was false, deceptive, and

16   misleading.  Plaintiffs advance the same causes of action for the sale of both

17   products.  These mutual issues of fact and law all weigh in favor of finding

18   sufficient commonality to sustain the joinder of the claims.

19             Moreover, the Court rejects Defendant's arguments that severance is

20   appropriate because each product was produced by a different manufacturer and

21   each product had different ingredients.  First, the existence of distinct

22   manufacturers is not dispositive, particularly in light of the fact that Defendant

23   placed its brand on both products and marketed and sold both products for the

24   same medical purpose.  Second, the inclusion of different ingredients in each

25   product is equally unavailing.  It is sufficient that both products were advertised as

26   providing relief for ear pain and that both products' labeling was allegedly

27

28

1    deceptive as a result of ingredient dilution.  Moreover, two of the listed active

2    ingredients, chamomilla and sulphur, are common to both products.

3            In light of the common questions of fact and law which predominate across

4    the Plaintiffs' claims against both products, the Court concludes that there is

5    sufficient commonality to withstand the motion to sever.

6            **C. Fundamental Fairness**

7            Even if the requirements of joinder have been satisfied, a trial court must

8    also consider whether joinder of a claim "'comport[s] with the principles of

9    fundamental fairness or would result in prejudice.'"  Brighton Collectibles, Inc. v.

10   RK Texas Leather Mfg., 10-CV-419-GPC-WVG, 2013 WL 2631333 (S.D. Cal.

11   June 11, 2013) (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th

12   Cir. 2000)).

13           Defendant argues that severance is appropriate because of the risk of

14   substantial prejudice and jury confusion.  However, such assertions are premature

15   and Defendant has not demonstrated how it will be prejudiced by maintaining the

16   claims in a single action.  Defendant's vague assertion that the claims are

17   superficially similar and will confuse a jury is speculative at this early stage in the

18   litigation.  See Walker, 2012 WL 5186658, *9 ("Until further discovery has been

19   completed and initial disclosures have been exchanged, Defendants' claims of

20   prejudice are speculative and essentially unsupported.").  If any risk of substantial

21   prejudice does arise, the Court can employ protective measures, such as careful

22   jury instructions or separate trials, to prevent confusion.  See Jacques v. Hyatt

23   Corp., C 11-05364 WHA, 2012 WL 3010969, *5 (N.D. Cal. July 23, 2012)); Fed.

24   R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and

25   economize, the court may order a separate trial of one or more separate issues,

26   claims, crossclaims, counterclaims, or third-party claims.").  It is also unlikely that

27   Plaintiffs' two claims will necessitate extensive discovery that would burden

28

Defendant.  To the contrary, the similarity of the products and claims will likely produce substantial overlap in discovery.

Accordingly, the Court finds that Defendant will suffer no substantial prejudice by allowing the claims to remain joined at this time.  Further, allowing the suit to move forward to will serve the ends of judicial economy and prevent the needless repetition created by two suits which raise similar facts and issues.

### IV.  CONCLUSION

For the reasons discussed above, Defendant's motion to sever is DENIED. Defendant shall file an answer to the Complaint within twenty days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:  July 24, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court